THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TAURUS B..[1],                    :

    Plaintiff,

                     :        Case No. 3:25-cv-145

v.

                              Judge Walter H. Rice
                              Mag. Judge Kimberly A. Jolson

COMMISSIONER OF                  :
SOCIAL SECURITY,

    Defendant.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #17), AND
OVERRULING OBJECTIONS THERETO OF PLAINTIFF, TAURUS B. (DOC.
#18); JUDGMENT SHALL ENTER IN FAVOR OF DEFENDANT
COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF,
AFFIRMING THE DEFENDANT COMMISSIONER'S DECISION THAT
PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO
BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff Taurus B. ("Plaintiff") has brought this action pursuant to 42 U.S.C. §

405(g) to review a decision of the Defendant Commissioner of Social Security

("Commissioner"), denying Plaintiff's application for Supplemental Security

Income.   On April 24, 2026, Magistrate Judge Kimberly A. Jolson filed a Report

and Recommendations (Report, Doc. #17), recommending that the Commissioner's

---

1  "The Committee on Court Administration and Case Management of the Judicial Conference of the
United States has recommended that, due to significant privacy concerns in social security cases[,]
federal courts should refer to plaintiffs only by their first names and last initials."   S.D. OHIO GEN.R.
22-01.

1

decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed.   Based upon reasoning and citations of authority set forth in the Report, a thorough *de novo* review of this Court's file, including the Administrative Record (Doc. #7), and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations and OVERRULES Plaintiff's Objections (Doc. #18) thereto.   The Court, in so doing, affirms the decision of the Commissioner that Plaintiff is not disabled and, therefore, not entitled to benefits under the Act.

## I.    Legal Standards

Under Rule 72(b), this Court must review *de novo* any timely, specific objection to a report and recommendations.   "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."   FED.R.CIV.P. 72(b)(3).   In reviewing the Commissioner's decision, the Court's task is to determine if the record as a whole constitutes "substantial evidence" that supports the Commissioner's finding of non-disability 42 U.S.C. § 405(g).   "The threshold for such evidentiary sufficiency is not high.   Substantial evidence, this Court has said, is more than a mere scintilla.   It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citations omitted); *accord*: *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.

2

1989) (emphasis added) ("Substantial evidence is more than a scintilla of evidence *but less than a preponderance*[.]").

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's "findings are supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

## II. Analysis

In addition to the foregoing, this Court makes the following, non-exclusive, observations:

1. Plaintiff objects that the Report relies upon cases that rely upon SSR 96-7p, and predate the adoption of SSR16-3p, in declining to disturb the credibility findings of the Commissioner's Administrative Law Judge ("ALJ"). (Doc. #18,

3

PAGEID 3608-09, citing Doc. #17, PAGEID 3594; *see also* SSR 96-7p, *Policy Interpretation Ruling Titles II And XVI: Evaluation of Symptoms In Disability Claims: Assessing The Credibility Of An Individual's Statements*, 1996 WL 374186 (Jul. 2, 1996), *superseded by* SSR 16-3p, *Titles II And XVI: Evaluation of Symptoms In Disability Claims*, 2017 WL 5180304 (Oct. 25, 2017)). Specifically, Plaintiff argues that, in violation of SSR 16-3p, the ALJ improperly discounted Plaintiff's credibility due to his nonadherence with his medication regimen, without adequately considering Plaintiff's stated reasons for not adhering to the regimen. (*Id.* at PAGEID 3609-10, quoting Stmt. of Errors, Doc. #10, PAGEID 3565-66, in turn quoting SSR 16-3p, 2017 WL 5180304, *9).

However, the ALJ expressly considered the side effects Plaintiff claims to have suffered from his medication and concluded that the side effects were not debilitating, as Plaintiff demonstrated adequate functioning even under a conservative treatment plan and while still abusing substances. (ALJ Decision, Doc. #7-2, PAGEID 1808). The ALJ further discussed Plaintiff's symptoms and their lack of support in medical evidence of record. (*Id.* at PAGEID 1790-95). The ALJ nonetheless incorporated Plaintiff's subjective statements by assigning an RFC of light work (*id.* at PAGEID 1785), which was necessarily more restrictive than the "range of medium exertional level work" opined by "the non-examining physicians with the Division of Disability Determination[.]" (*Id.* at PAGEID 1808, citing Admin.

4

Record, Doc. #7-2, PAGEID 123-24, 137-38).   In sum, the ALJ more than adequately considered and accounted for Plaintiff's reasons why he has not been consistent with his treatment, meaning that the ALJ's credibility findings and opined RFC were supported by substantial evidence.   Consequently, Plaintiff's objection must be overruled.

2.   In the Report, the Magistrate Judge rejected Plaintiff's contention that the ALJ failed to explain why, having accorded "some weight" to the opinion of James Washburn, D.O., some of Dr. Washburn's opined limitations were not adopted.   (Doc. #17, PAGEID 3599-3603, citing Doc. #10, PAGEID 3567-68).   The Magistrate Judge also rejected a similar contention with respect to the opinion of Michael Lace, Psy.D.   (*Id.* at PAGEID 3603-06, citing Doc. #10, PAGEID 3568). Plaintiff objects that the Magistrate Judge improperly excused the ALJ from her obligation to explain why she did not adopt the opinions of Drs. Lace and Washburn when formulating an RFC that did not contain their opined limitations. (Doc. #18, PAGEID 3610, quoting SSR 96-8p, *Policy Interpretation Ruling Titles II And XVI: Evaluation of Symptoms In Disability Claims: Assessing Residual Functional Capacity in Initial Claims*, 1996 WL 374184, *7 (Jul. 2, 1996)).

In fact, the ALJ extensively explained which portions of Dr. Washburn's testimony were consistent with other evidence of record, and, in fact, assigned "additional restrictions to address the totality of [Plaintiff's] gastrointestinal

symptoms, including ready access to a restroom." (Doc. #7-2, PAGEID 1810-11). However, in declining to adopt all of the restrictions opined by Dr. Washburn, the ALJ relied upon Plaintiff's "noncompliance with testing and treatment, along with his relatively steady weight and generally unremarkable laboratory findings throughout the period under review[.]" (*Id.* at PAGEID 1811). This is more than sufficient explanation as to why Dr. Washburn's opinion was not afforded greater weight in the RFC formulation.

Similarly, the ALJ discussed Dr. Lace's testimony and incorporated some of the opined limitations into the RFC—specifically, the ALJ limited Plaintiff to simple decision-making, only occasional contact with coworkers or supervisors, and jobs without access to alcohol. (Doc. #7-2, PAGEID 1785). All of these limitations were opined by Dr. Lace in his testimony. (*Id.* at PAGEID 1812-13). The ALJ explained that Dr. Lace's opinion was given only "some weight" because it was "only somewhat supported by and consistent with the record, which demonstrates a history of mental health treatment with some abnormalities on examination that are not work[-]preclusive." (*Id.* at PAGEID 1813). However, the ALJ "found a moderate limitation in understanding, remembering, and applying information," (*id.* at PAGEID 1813), which was more restrictive than the mild limitation opined by Dr. Lace. (*Id.* at PAGEID 1812). In sum, the ALJ gave detailed reasoning in her evaluation of Dr. Lace's opinion, and, in fact, concluded in some areas, Dr. Lace's

6

opined restrictions did not go far enough.    The above is precisely the type of explanation required by SSR 96-8p, and Plaintiff's objection that the ALJ failed to comply must be overruled.

## III.    Conclusion

Based on the above, this Court ADOPTS the Report and Recommendations of the Magistrate Judge (Doc. #17) and OVERRULES Plaintiff's Objections thereto. (Doc. #18).    Judgment shall enter in favor of the Commissioner and against Plaintiff, affirming the Commissioner's finding that Plaintiff is not disabled and not entitled to benefits under the Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

June 1, 2026

_Walter H. Rice_

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

7